FILED
 2014 Sep-26 PM 03:31
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GENOBIA MCCONICO PLASKETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **2:13-cv-0098-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION

Plaintiff Genobia McConico Plaskett ("Plaskett") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I. Procedural History

Plaskett, whose past relevant experience includes work as a housekeeper, security guard, grocery store cashier, mail clerk, and driver, filed an application for Title II disability insurance benefits on December 18, 2009, with an amended disability onset date of December 18, 2009, due to back pain. (R. 19, 53, 161). After the SSA denied

Plaskett's claim, she requested a hearing before an ALJ. (R. 70-72). The ALJ subsequently denied Plaskett's claim, (R. 16-22), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1-6). Plaskett then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the

Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). Specifically, the Commissioner must determine in sequence:

(1)  whether the claimant is currently unemployed;

(2)  whether the claimant has a severe impairment;

(3)  whether the impairment meets or equals one listed by the Secretary;

(4)  whether the claimant is unable to perform his or her past work; and

3

> (5)  whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV. The ALJ's Decision

In performing the five step analysis, the ALJ found that Plaskett had not engaged in substantial gainful activity since December 18, 2009, and, therefore, met Step One. (R. 20). Next, the ALJ found that Plaskett satisfied Step Two because she suffered from the severe impairments of "lumbar degenerative disc disease, degenerative joint disease, and morbid obesity." *Id*. The ALJ then proceeded to the next step and found that Plaskett failed to satisfy Step Three because she "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." *Id*. Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Plaskett has the residual functional capacity (RFC) to

> lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand for six hours in an eight-hour day and sit six hours in an eight-hour

> day. She can never crawl, or climb ladders, ropes, or scaffolds. She can frequently balance, and climb ramps and stairs. She should avoid extreme cold, vibrations, and hazards, such as dangerous machinery or unprotected heights. She has no manipulative, visual, or communicative limitations; and no limitations in her ability to push or pull.

*Id.* In light of her RFC, the ALJ held that Plaskett "is capable of performing past relevant work as a housekeeper, grocery store cashier, driver, and mail clerk." (R. 21). Therefore, the ALJ found that Plaskett "has not been under a disability, as defined in the Social Security Act, from December 18, 2009, through the date of this decision." (R. 22).

### V. Analysis

Plaskett's sole issue on appeal is her contention that the ALJ's RFC findings are not based on a medical opinion.[1] Doc. 9 at 6. While Plaskett acknowledges there is no express requirement for an RFC assessment from a medical source, she argues that one is required as a practical matter to avoid an ALJ substituting his judgment for that of a physician. Doc. 9 at 7. However, Plaskett overlooks that the regulations and the law of this circuit do not impose such a requirement. Rather, the pertinent regulation provides that opinions on issues reserved to the Commissioner, such as a claimant's RFC, are not medical opinions:

> Opinions on some issues, such as the examples that follow, are not medical opinions, . . . but are, instead, opinions on issues reserved to the

---

[1] Plaskett's assertion that the RFC completed by the single decision maker, Richard Ensley, is not entitled to any deference as a medical opinion, doc. 9 at 7, is legally correct, but irrelevant because the ALJ did not rely on that RFC.

>Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.

20 C.F.R. § 404.1527(d). One of the specifically reserved examples is a claimant's RFC: "Although we consider opinions from medical sources on issues such as . . . your residual functional capacity . . . the final responsibility for deciding these issues is reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2). Consequently, the Eleventh Circuit has recognized that "the task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ, not of doctors." *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010). Moreover, an ALJ's RFC finding can be supported by substantial evidence even without a medical source statement in the record. *See Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 922-23 (11th Cir. 2007) (rejected the claimant's argument "that without [the physician's] opinion, there [was] nothing in the record" to support the ALJ's RFC assessment).

Significantly, the regulations provide that it is Plaskett's responsibility to provide evidence showing the presence of an impairment and how it affects her functioning:

>You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled. You must provide evidence . . . showing how your impairment(s) affects your functioning during the time you say that you are disabled . . . .

20 C.F.R. § 404.1512(c). In *Ellison v. Barnhart*, the court emphasized that "the claimant bears the burden of proving that [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of h[er] claim." 355 F.3d 1272, 1276 (11th Cir. 2003)

6

(citing 20 C.F.R. § 416.912(a), (c)).  Therefore, Plaskett bears the burden of presenting medical evidence showing how her impairments affect her ability to work.

Here, the ALJ properly relied on the treatment records and diagnostic imaging to assess Plaskett's RFC.  For example, the ALJ noted that an MRI showed only minimal left hip degenerative joint disease, and that Plaskett's treating orthopedist noted the she ambulated with a nonantalgic gait.  (R. 21, 245, 255).  The ALJ also observed that on August 12, 2010, one of Plaskett's treating physicians "encouraged [Plaskett] to begin exercising, which indicates that exertional activity would help [Plaskett's] conditions."  (R. 21, 273).  Because there was sufficient medical evidence to allow the ALJ to assess Plaskett's RFC and determine whether she was disabled, the record was complete.  *See* 20 C.F.R. § 404.1513(e).  Consequently, no additional development was required, and the ALJ committed no reversible error.

### VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Plaskett is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination.  Therefore, the Commissioner's final decision is affirmed.  A separate order in accordance with the memorandum of decision will be entered.

Done this the 26th day of September, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE